UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5663 PA (SSx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. M and A Clothing Co., LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**   IN CHAMBERS - COURT ORDER

On December 21, 2015, the Court issued an order directing plaintiff Star Fabrics, Inc. ("Plaintiff") to file an appropriate dispositive motion concerning the default by the clerk entered against the only remaining defendant in the case, Joyce Leslie, Inc. ("Joyce Leslie"). The Court's order warned Plaintiff that the failure to file a dispositive motion by January 19, 2016 would result in the dismissal of the action. To date, Plaintiff has not filed the required dispositive motion.

Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pacific Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 — that defendant "may" move for dismissal — does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. California Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-5663 PA (SSx) | Date | January 20, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. M and A Clothing Co., LLC, et al. | | |

dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Defendant American Muscle may be further prejudiced unless the complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes Plaintiff, despite being warned about the consequences of failing to file a dispositive motion by the date set by the Court, has failed to file a response. It therefore appears that Plaintiff has abandoned his efforts to obtain a judgment on the merits. Additionally, the Court intends to dismiss this action against American Muscle without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

The Court finds that Plaintiff has abandoned this action. Therefore, the Court dismisses this action without prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

IT IS SO ORDERED.